BRANDON M. TESSER (SBN 168476)
btesser@trgllp.com
BRIAN GROSSMAN (SBN 166681)
bgrossman @trgllp.com
TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd., Suite 220
Los Angeles, CA 90025
Tel: (310) 207-4022
Fax: (310) 207-4033

Attorneys for Plaintiff and Counterclaim Defendant
JNK ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JNK ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SP SALES AND ENTERTAINMENT, LLC, a California limited liability company; SP SALES WORLDWIDE, LLC, a California limited liability company; CRYSTAL SKY WORLDWIDE SALES, LLC, a California limited liability company; SP'S CRYSTAL EDGE, LLC, A California limited liability company; and STEVEN PAUL, an individual,<br><br>Defendants.<br><br>SP SALES AND DISTRIBUTION, LLC, A California Limited Liability Company,<br><br>Counterclaimant,<br><br>vs.<br><br>JNK ENTERTAINMENT, LLC, a Delaware Limited Liability Company, JOHN KAPOOR, an individual; ANDRE GUZMAN, an individual,<br><br>Counterclaim Defendants. | Case No. 2:15-cv-01908-RGK-FFMx<br><br>[Hon. R. GARY KLAUSNER]<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT JNK ENTERTAINMENT, LLC TO DISMISS UNSERVED COUNTERCLAIM DEFENDANTS AND/OR DISMISSING THE ENTIRE COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: February 22, 2016<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 850 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on February 22, 2016, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-entitled Court, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012-3332, Counterclaim Defendant JNK ENTERTAINMENT, LLC ("JNK") will, and hereby does, move the Court for an Order: (1) Dismissing the Unserved Counterclaim Defendants, JOHN KAPOOR and ANDRE GUZMAN; and/or (2) dismissing the entire Counterclaim ***with prejudice***.

The motion to dismiss Dr. Kapoor and Mr. Guzman is made pursuant to Federal Rule of Civil Procedure 4(m) on the grounds that: (1) Counterclaimant SP SALES AND DISTRIBUTION, LLC ("SP") filed a Counterclaim against JNK, Dr. Kapoor and Mr. Guzman on May 8, 2015; and (2) more than 8 months after filing the Counterclaim, SP has failed to served either Dr. Kapoor or Mr. Guzman with the Counterclaim. The motion to dismiss the entire Counterclaim ***with prejudice*** is made pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rule of Civil Procedure and on the grounds that Dr. Kapoor and Mr. Guzman are indispensable parties to the action.

The Motion is based upon this Notice of Motion and Motion, the files, records, and pleadings on file in this action, and all other evidence or argument that may be presented by plaintiff at, or prior to, the hearing on this motion.

This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-1, which took place on January 7, 2015.

DATED: January 25, 2016

TESSER RUTTENBERG & GROSSMAN LLP

By *~~/s/ Brandon M. Tesser~~*
Brandon M. Tesser
Attorneys for Plaintiff and Counterclaim Defendant JNK Entertainment, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Counterclaim Defendant JNK ENTERTAINMENT, LLC ("JNK") hereby submits this memorandum of points and authorities in support of its motion for an Order: (1) dismissing the unserved Counterclaim Defendants, JOHN KAPOOR and ANDRE GUZMAN; and/or (2) dismissing the entire Counterclaim ***with prejudice***.

### 1. Factual And Procedural Background

#### A. SP Failed To Serve The Counterclaim

On March 13, 2015, JNK filed the Complaint in this action against several defendants, including SP SALES AND ENTERTAINMENT, LLC, SP SALES WORLDWIDE, LLC, CRYSTAL SKY WORLDWIDE SALES, LLC, SP's CRYSTAL EDGE, LLC, and STEVEN PAUL (collectively, the "SP Defendants"). (Dkt. No. 1).

On May 8, 2015, the SP Defendants filed an Answer to the Complaint and Counterclaimant SP SALES AND DISTRIBUTION LLC ("SP") filed a Counterclaim against JNK, Dr. Kapoor and Mr. Guzman. (Dkt. No. 24). On June 8, 2015, JNK filed an Answer to the Counterclaim. (Dkt. No. 25). On June 9, 2015, the district court issued a Summons to Dr. Kapoor and Mr. Guzman. (Dkt. No. 26). To date, SP has failed to file a Proof of Service of the Summons and Complaint on Dr. Kapoor and Mr. Guzman

On August 17, 2015, the Court held a scheduling conference and set the following dates:

- February 11, 2016, discovery cut-off;
- February 25, 2016, motion cut-off (last day to file);
- April 25, 2016, pretrial conference; and
- May 10, 2016, jury trial.

#### B. The Counterclaim Allegations

The Counterclaim alleges as follows:

Dr. Kapoor owns JNK and uses it to make investments in the entertainment

industry. (Dkt. No. 24 at 16:22-23). Dr. Kapoor and Mr. Guzman (Dr. Kapoor's associate) both reside in Arizona. (Dkt. No. 24 at 15:7-10, 19:6-7). Steven Paul is active in the entertainment industry and a producer, director, distributor and sales agent and the principal of SP. (Dkt. No. 24 at 16:6-7).

In September 2013, JNK and SP entered into a Memorandum of Understanding ("MOU") whereby JNK would invest a certain amount of money with SP so that SP could acquire motion pictures for distribution. (Dkt. No. 24 at 17:1-13).

In October 2013, SP entered into an agreement with Kaleidoscope Film Distribution ("Kaleidoscope") whereby: (1) SP gave Kaleidoscope a license to distribute 45 films in the United Kingdom; and (2) SP acquired an option to purchase a 100% ownership interest in Kaleidoscope. (Dkt. No. 24 at 18:17-24).

In November 2013, Kaleidoscope's CEO told Mr. Paul that Mr. Guzman told Kaleidoscope not to do business with SP or Mr. Paul because SP had misappropriated funds and made misrepresentations to Kaleidoscope. (Dkt. No. 24 at 19:19-25). On information and belief, Mr. Guzman was acting at the direction of JNK and Dr. Kapoor in making these false statements. (Dkt. No. 24 at 19:25-26). These false and disparaging statements interfered with SP's contractual and prospective business relationships with Kaleidoscope. (Dkt. No. 24 at 14:23-27).

The Counterclaim asserts two claims solely against JNK: (1) a statutory claim for unfair business practices; and (2) a breach of contract claim based on allegations that JNK breached the MOU by failing to advance $1 million in funds as required. (Dkt. No. 24 at 20, 22-23). The Counterclaim also asserts two claims against all Counterclaim Defendants: (1) interference with contractual relations; and (2) interference with prospective economic advantage. (Dkt. No. 24 at 20-22). These two claims seek to hold the Counterclaim Defendants liable for Mr. Guzman's disparaging statements concerning SP to Kaleidoscope. (Dkt. No. 24 at 21:2 – 22:19).

**2. SP Failed To Serve Dr. Kapoor And Mr. Guzman Within 120 Days**

Rule 4(m) of the Federal Rules of Civil Procedures "requires the court 'on motion or on its own after notice to the plaintiff' to dismiss an action without prejudice '[i]f a defendant is not served within 120 days after the complaint is filed.'" *Bolbol v. Feld Entertainment, Inc.*, 2012 WL 5828610, *1 (N.D. Cal. Nov. 15, 2012) (*quoting* Fed.R.Civ.P. 4(m)). In addition, this Court's Standing Order states: "The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule. Any Defendant(s) not timely served shall be dismissed from the action without prejudice." (Dkt. No. 20 at 2:7-10).

Here, SP filed the Counterclaim on May 8, 2015. Accordingly, SP had to serve the Counterclaim on Dr. Kapoor and Mr. Guzman within 120 days – September 5, 2015. SP failed to serve the Counterclaim (and necessarily failed to file a Proof of Service). As of the filing date of this motion (January 25, 2015), ***259 days*** have passed since SP filed the Counterclaim.

Because SP has failed to timely serve Dr. Kapoor and Mr. Guzman, the Court should dismiss them from this action.

**3. The Court Should Dismiss The Entire Counterclaim *With Prejudice***

**A. Applicable Law**

When some counterclaim defendants are dismissed, the district court "should assess whether under Rule 19 those parties were indispensable to the action, and if so, what the remedy should be." *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, "a party may bring a motion to dismiss for 'failure to join a party under Rule 19.'" *SPECS Surface Nano Analysis GmbH v. Kose* ("*SPECS*"), 2011 WL 2493722, *1 (N.D. Cal. June 23, 2011). A Rule 12(b)(7) motion will be granted "if the court determines that joinder of the party is not possible, and that the party is, in fact, 'indispensable.'" *Mintel Learning Tech., Inc., v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *11 (N.D.

Cal. Aug. 9, 2007).

"To find that a person who is not joined is 'indispensable,' the absent person must first be deemed necessary as a 'person to be joined if feasible' under Rule 19(a)(1) and (2)." *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002) (citation omitted); *see also SPECS*, 2011 WL 2493722 at *2 ("To find that an absent party is 'indispensable,' the court must first deem the party 'necessary' under Rule 19(a)(1).").

"A party is 'necessary' under Rule 19 under either of two conditions." *SPECS*, 2011 WL 2493722 at *2. "First, a party is necessary if, in that party's absence, the court is unable to accord complete relief to the parties present." *Id.* "In the context of Rule 19, 'complete relief' means that the existing parties can get meaningful recovery for their claims without multiple lawsuits on the same cause of action." *Id.* The "completeness" of relief under Rule 19 must be analyzed within the "four corners of the complaint." *Id.* (quotation omitted). "Second, a party is necessary if disposition of the case without that party would as a practical matter impair that party's ability to protect his interests, or would subject existing parties to multiple or inconsistent obligations." *Id.* "If a party satisfies ***either*** of the two prongs set forth in Rule 19(a), it is a necessary party." *Southern Union Co. v. Southwest Gas Corp*., 165 F.Supp.2d 1010, 1036 (D. Az. 2001) (emphasis added).[1]

"If the court finds that the party is required, it then considers four primary factors under Rule 19(b) to determine whether the party is indispensable." *Uzoebo v. Ocwen Loan Servicing LLC*, 2013 WL 6018067, *3 (C.D. Cal. Nov. 12, 2013).

[1] Under Rule 19(a)(1), a party is "required" if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person' s absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a).

> The factors are: (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder, i.e., whether there exists an alternative forum.

*Id.* at *3 n.1 (*citing* Fed.R.Civ.P. 19(b)).

Rule 19(b) requires a district court "to consider whether it should 'in equity and good conscience' dismiss a case if a necessary party cannot be joined." *SPECS*, 2011 WL 2493722 at *1 n.2 (*citing* Fed.R.Civ.P. 19(b)). "There is no prescribed formula for determining in every case whether a person is an indispensable party." *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 n.14 (1968). On the contrary, "Rule 19(b) requires the district court to analyze various equitable considerations within the context of particular litigation, rather than to decide a purely legal issue." *Walsh v. Centeio*, 692 F.2d 1239, 1242 (9th Cir. 1982).

Here, the relevant factors compel the conclusion that Dr. Kapoor and Mr. Guzman are necessary parties who have not been joined. As such, the Court should dismiss the entire Counterclaim with prejudice.

### B. Dr. Kapoor And Mr. Guzman Are Necessary Parties

**First**, Dr. Kapoor and Mr. Guzman are necessary to the action because in their absence, the district court is unable to provide complete relief to SP and JNK without the participation of Dr. Kapoor and Mr. Guzman. "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). "[C]ourts must . . . consider how effective a judgment for either party would be at resolving the controversy." *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 904 (C.D. Cal. 2011).

"The goal of Rule 19(a)(1) is to protect the interests of the parties by affording complete adjudication of the dispute. Judicial economy is aided by avoiding repeated lawsuits concerning the same subject matter." *Id.*

Here, this action will not provide complete relief to the current parties to the proceeding. ***First***, a joint tortfeasor is "indispensable" when that party is "more than a key witness, but also an active participant in the allegations that are critical to the disposition of the litigation." *Id.* at 906. Here, SP has plainly alleged that Dr. Kapoor and Mr. Guzman were active participants in making false misstatements to Kaleidoscope. As such, Dr. Kapoor and Mr. Guzman are indispensable parties. ***Second***, regardless of the outcome of this action, in any subsequent suit by SP against Dr. Kapoor and/or Mr. Guzman, Dr. Kapoor and Mr. Guzman would likely assert that JNK is ultimately responsible for SP's claims for interference with contractual relations and interference with prospective economic advantage. Thus, this action will not provide complete relief to either JNK or SP. *See, e.g.*, *Corsi v. Eagle Publishing, Inc.*, 2008 WL 239581, *1-*3 (D.D.C. Jan. 30, 2008) (holding that a subsidiary corporation accused of making the false statements, was a "necessary party" in an action alleging that the parent corporation ratified the statements and thus interfered with prospective business advantage and interfered with contractual relations). ***Third***, the Counterclaim seeks injunctive relief (Dkt. No. 24 at 23:12). To the extend the Court grants an injunction precluding JNK from making any further purportedly disparaging statements to Kaleidoscope, SP will not obtain complete relief unless the injunction is applied to Dr. Kapoor and Mr. Guzman (the individual who allegedly made the offending statements).

**Second**, even if the Court concludes that this action can provide complete relief to the current parties to the proceeding, it should nonetheless conclude that Dr. Kapoor and Mr. Guzman are necessary parties to this action because their absence would: (1) impair the ability of Dr. Kapoor and Mr. Guzman to protect their interests and/or (2) subject JNK to multiple or inconsistent obligations.

*First*, what constitutes an "interest relating to the subject of the action" is "broadly construed." *Lopez v. Martin Luther King, Jr. Hospital*, 97 F.R.D. 24, 29 (C.D. Cal. 1983). "The relevant inquiry is, if there is a possibility that collateral estoppel will be applied . . ., then it is axiomatic that [absent party] has an interest in this action." *Id.* at 30. "The doctrine of collateral estoppel bars parties, or those in privity with them, from litigating in a subsequent proceeding on a different cause of action any issue actually litigated, determined, and necessary to the disposition of a former proceeding." *Id.* "The application of the doctrine depends on an affirmative answer to three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" *Id.* Here, Dr. Kapoor and Mr. Guzman plainly have an interest in this action. SP's claims for interference with contractual relations and interference with prospective economic advantage are based on allegations that: (1) Mr. Guzman made disparaging remarks concerning SP and Mr. Paul; (2) those remarks harmed SP's relationship with Kaleidoscope; and (3) Mr. Guzman made his remarks at the direction of JNK and/or Dr. Kapoor. Thus, to prove their claims in this action, SP must necessarily prove that Mr. Guzman made disparaging remarks and that JNK and/or Dr. Kapoor authorized those statements. Thus, Dr. Kapoor and Mr. Guzman have a significant interest in this action because it will litigate and resolve critical issues pertaining to their rights, including whether Mr. Guzman made the statements, whether they caused harm and whether JNK and/or Dr. Kapoor ratified those statements.

If Dr. Kapoor and Mr. Guzman are not joined in this action, then the underlying liability of JNK could be determined (i.e., that there was interference by JNK) without their participation, prejudicing the interests of Dr. Kapoor and Mr. Guzman in a subsequent case where the liability against JNK would have potentially preclusive affect, limiting the defense by Dr. Kapoor and Mr. Guzman to just

whether they were involved in the acts and acting as agents for JNK at the time. Dr. Kapoor and Mr. Guzman could also be bound by finding of damages as to JNK, with only issue to be decided is their responsibility for said damages. The findings in this case may have preclusive affect on Dr. Kapoor and/or Mr. Guzman – without their participation in this action. This is of particular concern to Dr. Kapoor, JNK's principal.

*Second*, proceeding with this action in the absence of Dr. Kapoor and Mr. Guzman will likely subject JNK to multiple or inconsistent obligations. If JNK can prove in this action that it did not authorize Mr. Guzman to make the statements alleged (or that only Dr. Kapoor authorized the alleged statements), then JNK cannot be held liable for SP's interference claims. In a subsequent action involving SP and Dr. Kapoor and Mr. Guzman, the two individual defendants would seek to prove that JNK is liable for the statements. Thus, JNK will face the real prospect of a second litigation and the risk of multiple or inconsistent obligations.

For any of these three reasons, the Court should conclude that Dr. Kapoor and Mr. Guzman are necessary parties.

### C. Dr. Kapoor And Mr. Guzman Are Indispensable Parties

For several reasons, Dr. Kapoor and Mr. Guzman are also indispensable to this action.

**First**, "the availability of an alternative forum is one of the primary considerations in the Rule 19(b) analysis." *Lopez*, 97 F.R.D. at 32. Here, another more suitable forum exists – Arizona. Both Dr. Kapoor and Mr. Guzman reside in Arizona. Thus, SP could pursue this action in the District of Arizona.

**Second**, JNK would suffer prejudice absent the participation of Dr. Kapoor and Mr. Guzman in this action. As already discussed, Dr. Kapoor and Mr. Guzman face a significant risk of prejudice if this action proceeds without joining them as parties. A finding of liability in this action could result in multiple and/or inconsistent obligations Dr. Kapoor and Mr. Guzman. Moreover, JNK has a "strong

interest in being involved in one action rather than two, and would be better off in a single action where the liability issue will be decided consistently as to [SP]." *Lopez*, 97 F.R.D. at 32; *see also DevTech Marketing, Inc. v. Westfalia-Surge, Inc.*, 2005 WL 6287929, *18 (C.D. Cal. Apr. 19, 2005) ("[A] named defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations. In addition, "judicial efficiency disfavors subsequent litigation over the same matter." *CF Medical, LLC v. St. Alexius Hosp. Corp.*, 2011 WL 1990557, *7 (C.D. Cal. May 20, 2011). Of course, two actions would also be wildly inconvenient as the same witnesses who will testify regarding JNK's conduct will presumably testify as to the conduct of Guzman and Kapoor.

**Third**, it is unclear what measures could be taken to lessen or avoid the potential prejudice to JNK (and to Dr. Kapoor and Mr. Guzman). Discovery is set to close on February 11. Dr. Kapoor and Mr. Guzman will suffer prejudice if they are joined now as they will have an insufficient opportunity to conduct discovery and/or defend themselves against the claims asserted in the Counterclaim. The jury trial is also scheduled to commence on May 10, 2016. If Dr. Kapoor and Mr. Guzman are joined at this late date, a trial continuance is likely, causing prejudice to JNK.

**Finally**, a judgment rendered in the absence of Dr. Kapoor and Mr. Guzman would likely be inadequate. If, for example, JNK prevails on the ratification issue. SP will need to file a second action to determine whether Dr. Kapoor and Mr. Guzman may be liable based on Mr. Guzman's statements and whether Dr. Kapoor ratified those statements. Moreover, as noted above, SP seeks injunctive relief. Any such relief will be inadequate if the individual defendants are not joined – particularly because SP alleges that Mr. Guzman is the sole person who made the purportedly disparaging remarks.

For all these reasons, the Court should conclude that equity and good conscience require dismissal of the entire Counterclaim.

**4. Conclusion**

In sum, the Court should: (1) dismiss Dr. Kapoor and Mr. Guzman from the action; and/or (2) dismiss the entire Counterclaim.

DATED: January 25, 2016

TESSER RUTTENBERG & GROSSMAN LLP

By *_/s/ Brandon M. Tesser_*
Brandon M. Tesser
Attorneys for Plaintiff and Counterclaim Defendant JNK Entertainment, LLC