BRANDON M. TESSER (SBN 168476)
btesser@trgllp.com
BRIAN GROSSMAN (SBN 166681)
bgrossman @trgllp.com
TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd., Suite 220
Los Angeles, CA 90025
Tel: (310) 207-4022
Fax: (310) 207-4033

Attorneys for Plaintiff and Counterclaim Defendant
JNK ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JNK ENTERTAINMENT, LLC, a Delaware limited liability company,

Plaintiff,

vs.

SP SALES AND ENTERTAINMENT, LLC, a California limited liability company; SP SALES WORLDWIDE, LLC, a California limited liability company; CRYSTAL SKY WORLDWIDE SALES, LLC, a California limited liability company; SP's CRYSTAL EDGE, LLC, A California limited liability company; and STEVEN PAUL, an individual,

Defendants.

SP SALES AND DISTRIBUTION, LLC, A California Limited Liability Company,

Counterclaimant,

vs.

JNK ENTERTAINMENT, LLC, a Delaware Limited Liability Company, JOHN KAPOOR, an individual; ANDRE GUZMAN, an individual,

Counterclaim Defendants.

Case No. 2:15-cv-01908-RGK-FFMx

[Hon. R. GARY KLAUSNER]

**NOTICE OF MOTION AND MOTION OF PLAINTIFF JNK ENTERTAINMENT, LLC TO ENFORCE THE SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRANDON M. TESSER FILED IN SUPPORT THEREOF**

DATE: July 25, 2016
TIME: 9:00 a.m.
PLACE: Courtroom 850

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on July 25, 2016, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-entitled Court, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012-3332, Plaintiff JNK ENTERTAINMENT, LLC ("JNK") will, and hereby does, move the Court for an Order: (1) instructing Defendants SP SALES AND DISTRIBUTION, LLC, SP DISTRIBUTION, LLC and SP's CRYSTAL EDGE, LLC (collectively, the "SP Entities") to issue a check in the amount of $105,000 to JNK within 5 days; and/or (2) entering Judgment against the SP Entities and in JNK's favor in the amount of $105,000.

The motion to enforce the settlement agreement is made pursuant to the Court's Order Re: Dismissal filed on April 25, 2015, which: (1) instructed the parties to comply with the settlement agreement entered into on March 1, 2016; and (2) retained jurisdiction for the purpose of enforcing the terms of the settlement agreement (through June 24, 2016).

The motion is also based on the grounds that: (1) the Court has jurisdiction to enforce the settlement agreement; (2) the parties agreed to be bound by a complete settlement agreement; and (3) the SP Entities breached the settlement agreement, giving JNK the right to enforce the monetary terms of the settlement agreement against the SP Entities.

The Motion is based upon this Notice of Motion and Motion, the files, records, and pleadings on file in this action, the declaration of Brandon M. Tesser attached hereto, and all other evidence or argument that may be presented by plaintiff at, or prior to, the hearing on this motion.

Pursuant to Central District of California Local Rule 7-1, on June 12 and 16, 2016, I sent two separate e-mails to Kevin Leichter, counsel for the SP Entities, in an effort to meet and confer regarding this motion. On Friday June 17, 2016, I provided Mr. Leichter with a proposed stipulation and order to obtain a 60-day

extension of the Court's jurisdiction over this matter (until August 23, 2016) so that JNK may file a motion to enforce the monetary terms of the settlement agreement and so that this Court may rule on that motion while it still has jurisdiction over this matter. On Monday June 20, 2016, I spoke with Mr. Leichter regarding the proposed stipulation and order but we were unable to finalize the stipulation. I informed Mr. Leichter that because the Court's jurisdiction was set to expire after June 24, 2016 and time was of the essence, JNK would proceed with a Motion to Enforce the Settlement Agreement. Declaration of Brandon M. Tesser, ¶ 9 and Exhibit 5).

DATED: June 21, 2016 TESSER RUTTENBERG & GROSSMAN LLP

By *_____/s/ Brandon M. Tesser_____*
Brandon M. Tesser
Attorneys for Plaintiff and Counterclaim Defendant JNK Entertainment, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff JNK ENTERTAINMENT, LLC ("JNK") hereby submits this memorandum of points and authorities in support of its motion for an Order: (1) instructing Defendants SP SALES AND DISTRIBUTION, LLC, SP DISTRIBUTION, LLC and SP's CRYSTAL EDGE, LLC (collectively, the "SP Entities") to issue a check in the amount of $105,000 to JNK within 5 days; and/or (2) entering Judgment against the SP Entities and in JNK's favor in the amount of $105,000.

## 1. Factual And Procedural Background

### A. The Settlement Agreement

On March 13, 2015, JNK filed the Complaint in this action. (Dkt. No. 1).

On March 3, 2016, the parties participated in a mediation which resulted in a settlement of all claims and counterclaims in this action. The agreement was memorialized on that date in a short-form Settlement Agreement. (Declaration of Brandon M. Tesser ("Tesser Dec."), ¶ 2 and Exhibit 1). The Settlement Agreement provided, *inter alia*, that the SP Entities would pay $210,000 to JNK in two equal installments of $105,000. (Tesser Dec., ¶ 2 and Exhibit 1) (Settlement Agreement at 2, ¶ 5). The first payment was due within 30 days. The second payment was due within 90 days (i.e., on or before June 1, 2016). (Tesser Dec., ¶ 3 and Exhibit 1) (Settlement Agreement at 2, ¶ 5).

On March 21, 2016, JNK filed a Notice of Settlement, stating: "[T]he lawsuit has been settled in its entirety, including all Counterclaims, and to request 30 days within which to file a stipulation and order for dismissal." (Dkt. No. 102 at 2).

On April 4, 2016, JNK received the first payment of $105,000 from the SP Entities. (Tesser Dec., ¶ 5).

/ / /

/ / /

/ / /

On or about May 2, 2016, the parties finalized a comprehensive long-form Settlement Agreement. The long-form agreement specified that if the SP Entities failed to make the second payment, JNK had the right to enforce the monetary terms of the Settlement Agreement against the SP Entities. (Tesser Dec., ¶ 4).[1]

## B. The Dismissal Order

On April 22, 2016, JNK filed a Stipulation Re: Dismissal And Request For Court To Retain Jurisdiction ("Dismissal Stipulation"). (Tesser Dec., ¶ 6 and Exhibit 3). The Dismissal Stipulation provided, in part:

> The terms of the settlement agreement require two payments from the [SP Entities] to [JNK]. . . . The first payment has previously been made by the [SP Entities] but the second payment is not due until June 1, 2016. Per the settlement agreement, in the event of an uncured default, [JNK] has the right to either: a) ***enforce the monetary terms of the settlement agreement*** against the [SP Entities]; or b) declare the settlement void and reinstate the action (including the Counterclaims), after returning all settlement payments to the [SP Entities] with either action to be performed by June 24, 2016.

(Tesser Dec., ¶ 6 and Exhibit 3 at 2) (emphasis added).

The Dismissal Stipulation specifically requested that the Court "retain jurisdiction to enforce the terms of their settlement agreement . . . ." (Tesser Dec., ¶ 6 and Exhibit 3 at 3).

On April 25, 2015, the Court filed an Order Re: Dismissal ("Dismissal Order"), stating:

---

[1] To date, the SP Entities have failed to deliver an executed version of the long-form Settlement Agreement to JNK. (Tesser Dec., ¶ 4).

1. The parties are obligated to comply with the terms of their settlement agreement entered into on March 3, 2016, the material terms of which are set forth in the accompanying stipulation filed by the parties;
2. By consent of the parties, the Court shall retain jurisdiction pursuant to Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-382 (1994) for the purpose of enforcing the terms of the settlement agreement through June 24, 2016;
3. Except as provided for, in paragraphs 1 and 2 above, this case is dismissed in its entirety, with prejudice, as to all parties, all claims, and all counterclaims, and each party shall bear its own attorney's fees and costs.

(Tesser Dec., ¶ 7 and Exhibit 3 at 2).

The SP Entities failed to make the second payment required by the Settlement Agreement. (Tesser Dec., ¶ 8). On June 6, 2016, JNK's counsel, Brandon M. Tesser, sent an e-mail to the SP Entities' counsel, Kevin Leichter, stating that the SP Entities failed to make the second payment required by the Settlement Agreement. (Tesser Dec., ¶ 8 and Exhibit 4).

**2. The Court Has Jurisdiction To Enforce The Settlement Agreement**

"A district court may retain jurisdiction to enforce a settlement agreement entered into by parties to an action after the action has been dismissed." *Tiger Bay Village Corp. v. Yihe Corp.*, 2014 WL 3662259, *2 (C.D. Cal. July 18, 2014). Such jurisdiction may exist in two circumstances.

First, a district court has jurisdiction to enforce a settlement agreement "if the district court ***explicitly retains jurisdiction over the settlement agreement***." *Arata v. Nu Skin Intern., Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996) (emphasis added); *see*

*also Hill v. Kaiser Foundation Health Plan*, 2015 WL 5138561, *6 (N.D. Cal. Sep. 1, 2015) ("Parties who wish to retain the court's jurisdiction to enforce their settlement agreement must . . . have the court retain jurisdiction expressly . . . .").

Second, a district court has jurisdiction to enforce a settlement agreement if the court "incorporates the terms of the agreement in its dismissal order." *Arata*, 96 F.3d at 1268-69; *see also Hill*, 2015 WL 5138561 at *6 ("Parties who wish to retain the court's jurisdiction to enforce their settlement agreement must . . . incorporate the terms of the settlement agreement in the order of dismissal."). When a court incorporates a settlement agreement into the dismissal order, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Arata*, 96 F.3d at 1269 (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)); *see also K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) ("In the event the settlement agreement is breached, the court would have ancillary jurisdiction that arises from breach of the court's dismissal order."); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir.1995) ("When the parties' compliance with the terms of the settlement or the court's retention of jurisdiction over the settlement are included in the terms of the dismissal order . . . a breach of the agreement violates that order and the court has ancillary jurisdiction to enforce the agreement.")

Both of these grounds provide the Court with jurisdiction to enforce the Settlement Agreement.

First, the Dismissal Order explicitly retains jurisdiction over the settlement agreement, stating: "[T]he Court shall retain jurisdiction pursuant to Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-382 (1994) for the purpose of enforcing the terms of the settlement agreement through June 24, 2016." (Tesser Dec., ¶ 7 and Exhibit 3 at 2).

Second, the Dismissal Order incorporates the terms of the Settlement Agreement. The Dismissal Order instructs the parties to comply with the terms of

the Settlement Agreement as set forth in the Dismissal Stipulation. (Tesser Dec., ¶ 7 and Exhibit 3 at 2) ("The parties are obligated to comply with the terms of their settlement agreement entered into on March 3, 2016, the material terms of which are set forth in the accompanying stipulation filed by the parties."). Because the SP Entities failed to make the second payment required by June 1, 2016, they necessarily failed to comply with the Dismissal Order which stated that the SP Entities were obligated to comply with the Settlement Agreement – including the material terms of the Settlement Agreement which were set forth in the Dismissal Stipulation.

For these reasons, the Court has jurisdiction to enforce the Settlement Agreement.

**3. The Court Should Enforce The Settlement Agreement**

**A. Applicable Law**

"A settlement agreement is treated as a contract and a party may file a motion to enforce a settlement agreement to obtain an order for damages or specific performance." *Tiger Bay*, 2014 WL 3662259 at *2.

"To be enforced, a settlement must . . . meet two specific requirements: (1) it must be a complete agreement; and (2) the settling parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Hill*, 2015 WL 5138561 at *6. "[I]f parties have agreed to be bound by a complete settlement agreement, a court may enter a judgment pursuant to the agreement's terms." *Tiger Bay*, 2014 WL 3662259 at *3.

"A motion to enforce settlement is akin to a motion for summary judgment." *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274678, *8 (C.D. Cal. Nov. 13, 2012). Nevertheless, a "district court retaining jurisdiction to enforce a settlement agreement has the power to summarily enforce the agreement if the parties do not dispute the contract's material terms or its binding nature on the parties." *Tiger Bay*, 2014 WL 3662259 at *2. To enforce a settlement agreement, "a court may enter a

judgment pursuant to the terms of the settlement agreement." *Tiger Bay*, 2014 WL 3662259 at *2.

**B. The Parties Agreed To Be Bound By A Complete Settlement Agreement**

Here, the Court should grant JNK's motion because the Settlement Agreement satisfies both requirements.

*First*, the Settlement Agreement is a complete agreement as the Settlement Agreement reflects an agreement as to the material terms. *See Schaffer*, 2012 WL 10274678 at *8 (A "complete agreement" is in on which the parties have reached agreement on all material terms."). As is pertinent here, the short-form Settlement Agreement provided that the SP Entities would pay $210,000 to JNK in two equal installments of $105,000. The first payment was due within 30 days. The second payment was due within 90 days (on or before June 1, 2016). (Tesser Dec., ¶ 3 and Exhibit 1) (Settlement Agreement at 2, ¶ 5).

The parties then finalized a comprehensive long-form Settlement Agreement. The long-form agreement specified that if the SP Entities failed to make the second payment, ***JNK had the right to enforce the monetary terms of the Settlement Agreement*** against the SP Entities. The Dismissal Stipulation also expressly incorporated the parties' agreement that JNK had the right to enforce the monetary terms of the Settlement Agreement if the SP Entities failed to make the second payment. The Dismissal Stipulation specifically stated: "Per the settlement agreement, in the event of an uncured default, [JNK] has the right to . . . ***enforce the monetary terms of the settlement agreement*** against the [SP Entities] . . . ." (Tesser Dec., ¶ 6 and Exhibit 3 at 2) (emphasis added). Thus, it is beyond dispute that the parties had a complete agreement requiring the SP Entities to make the second payment of $105,000 to JNK on or before June 1, 2016.

*Second*, the settling parties agreed to the terms of the Settlement Agreement. There is no dispute that the parties executed the short-form Settlement Agreement

which obligated the SP Entities to pay $210,000 to JNK in two equal installments of $105,000. There is also no dispute that the parties finalized a comprehensive long-form Settlement Agreement which gave JNK the right to enforce the monetary terms of the Settlement Agreement if the SP Entities failed to make the second payment on or before June 1, 2016. The pertinent details of the long-form agreement were expressly stated in the Dismissal Stipulation which stated: "Per the settlement agreement, in the event of an uncured default, [JNK] has the right to . . . ***enforce the monetary terms of the settlement agreement*** against the [SP Entities] . . . ." (Tesser Dec., ¶ 6 and Exhibit 3 at 2) (emphasis added). Thus, it is beyond dispute that the settling parties agreed to the terms of the Settlement Agreement, including the term that JNK had right to enforce the monetary terms of the Settlement Agreement if the SP Entities failed to make the second payment on or before June 1, 2016.

**C. The SP Entities Breached The Settlement Agreement**

Here, the Court should summarily enforce the Settlement Agreement. The parties agreed to a Settlement Agreement which obligated the SP Entities to pay JNK $105,000 on or before June 1, 2016. It is undisputed that the SP Entities failed to do so and thus breached the Settlement Agreement. Thus, according to the terms of the Settlement Agreement, JNK is entitled to an order instructing the SP Entities to issue a check in the amount of $105,000 to JNK within 5 days; and/or (2) entering Judgment against the SP Entities and in JNK's favor in the amount of $105,000.

**4. Conclusion**

For these reasons, the Court should grant JNK's motion and grant the relief requested herein.

DATED: June 21, 2016

TESSER RUTTENBERG & GROSSMAN LLP

By *\/s/ Brandon M. Tesser*
Brandon M. Tesser
Attorneys for Plaintiff and Counterclaim Defendant JNK Entertainment, LLC

**DECLARATION OF BRANDON M. TESSER**

I, BRANDON M. TESSER, declare:

1. I am counsel of record for Plaintiff and Counterclaim Defendant JNK ENTERTAINMENT, LLC ("JNK") in the above-entitled action. I submit this declaration in Support of JNK's Motion To Enforce The Settlement Agreement against Defendants SP SALES AND DISTRIBUTION, LLC, SP DISTRIBUTION, LLC and SP's CRYSTAL EDGE, LLC (collectively, the "SP Entities"). I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. On March 3, 2016, the parties participated in a mediation which resulted in a settlement of all claims and counterclaims in this action. The agreement was memorialized on that date in a short-form Settlement Agreement ("Settlement Agreement"). Attached hereto as Exhibit 1 is a true and correct copy of the short-form Settlement Agreement.

3. Paragraph 5 of the Settlement Agreement provided, *inter alia*, that: (1) the SP Entities would pay $210,000 to JNK in two equal installments of $105,000; (2) the first payment was due within 30 days; and (3) the second payment was due within 90 days (on or before June 1, 2016).

4. On or about May 2, 2016, the parties finalized a comprehensive long-form Settlement Agreement. The long-form agreement specified that if the SP Entities failed to make the second payment, JNK had the right to enforce the monetary terms of the Settlement Agreement against the SP Entities. To date, the SP Entities have failed to deliver an executed version of the long-form Settlement Agreement to JNK.

5. On April 4, 2016, JNK received the first payment of $105,000 from the SP Entities.

///

///

6. On April 22, 2016, JNK filed a Stipulation Re: Dismissal And Request For Court To Retain Jurisdiction ("Dismissal Stipulation") (Dkt. No. 104). Attached hereto as Exhibit 2 is a true and correct copy of the Dismissal Stipulation.

7. On April 25, 2015, the Court filed an Order Re: Dismissal ("Dismissal Order") (Dkt. No. 105). Attached hereto as Exhibit 3 is a true and correct copy of the Dismissal Order.

8. The SP Entities failed to make the second payment required by the Settlement Agreement. On June 6, 2012, I sent an e-mail to Kevin Leichter, counsel for the SP Entities, informing him that the SP Entities failed to make the second payment as required on June 1, 2016. Attached hereto as Exhibit 4 is a true and correct copy of the e-mail I sent to Mr. Leichter.

9. Pursuant to Central District of California Local Rule 7-1, on June 12 and 16, 2016, I sent two separate e-mails to Kevin Leichter, counsel for the SP Entities, in an effort to meet and confer regarding this motion. On Friday June 17, 2016, I provided Mr. Leichter with a proposed stipulation and order to obtain a 60-day extension of the Court's jurisdiction over this matter (until August 23, 2016) so that JNK may file a motion to enforce the monetary terms of the settlement agreement and so that this Court may rule on that motion while it still has jurisdiction over this matter. On Monday June 20, 2016, I spoke with Mr. Leichter regarding the proposed stipulation and order but we were unable to finalize the stipulation. I informed Mr. Leichter that because the Court's jurisdiction was set to expire after June 24, 2016 and time was of the essence, JNK would proceed with a Motion to Enforce thc Settlement Agreement. Attached hereto collectively as Exhibit 5 are a true and correct copy of my pertinent e-mail correspondence with Mr. Leichter concerning these subjects.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of June, 2016 at Los Angeles, California.

*<u>/s/ Brandon M. Tesser</u>*
Brandon M. Tesser

# EXHIBIT 1

**SETTLEMENT AGREEMENT**

WHEREAS, there is a Sales Agency Deal Memo dated as of October 28, 2011 relating to *Pizzaman* (the "Agency Deal Memo");

WHEREAS, there is a Distribution Agreement relating to *Pizzaman* (the "Distribution Agreement").

WHEREAS, there is a Memorandum of Understanding dated as of September 4, 2013 (the "MOU");

WHEREAS there a civil action pending in U.S. District Court, Case No. 2:15-cv-01908RGK-FFMx, which includes claims and counterclaims (the "Action").

WHEREAS, there is an arbitration proceeding pending before IFTA, case no 15- 78 (the "Arbitration");

WHEREAS, the Parties have engaged in mediated settlement discussions regarding their disputes;

WHEREAS, the parties have agreed to fully and finally settle and compromise any and all claims, disputes, issues or matters that exist or may exist between them which each may have against each other in connection with the Action, the Arbitration, the MOU, the Distribution Agreement, the Agency Deal Memo or any other matter. Subject to the payment in paragraph 5, the following paragraphs 1-4 shall apply.

1. **Effectiveness:** This Agreement is effective as of this date and is fully enforceable upon full execution and fully admissible for enforcement purposes notwithstanding Evidence Code section 1115 et seq. All contrary provisions of the Evidence Code are waived.

2. **Pizzaman**: The Distribution Agreement and Agency Deal Memo are terminated. All rights thereby granted in Pizzaman, to the extent vested in the SP Entities or any affiliated entities or persons, shall revert to JNK with immediate effect and SP Entities will sign a quitclaim that JNK can record. Such reversion is subject to previous licenses given. SP Entities retain all revenues from prior sales. JNK entitled to all revenues from future exploitation.

3. **MOU**: JNK released from all funding obligations. The SP Entities and their affiliated entities and persons shall retain all rights in and to any and all pictures under the MOU. (For clarity, it is acknowledged that *Pizzaman* is not an MOU picture.) JNK relinquishes all rights and claims to all pictures other than *Pizzaman*.

4. **Lawsuits**: Upon payment, JNK and the SP Entities will cause their respective counsel to execute and file (a) a Rule 41(a) Stipulation for Dismissal with Prejudice of the Action; and (b) request for dismissal with prejudice of the Arbitration. The parties

will bear their own costs and attorneys fees in connection with the Action and Arbitration and will share equally any remaining fee of the Arbitrator.

5. **Payment**: SP Entities shall pay the sum of $210,000 to JNK, one half within 30 days hereof and one half within 90 days. If not paid this Agreement shall be null and void ab initio and the parties will cooperate to return the parties to their respective positions as the y existed as of the date hereof.

6. **Releases**: JNK, on the one hand, and the SP Entities, on the other hand, on behalf of themselves and all related persons and entities, release relinquish and waive all claims, rights, and causes of action, known and unknown, against each other and against all related persons and entities. For clarity, JNK's release includes Anderson, ANC Connect and their affiliated entities and successors, and SP Entities' release does not include Kaleidoscope. JNK and SP knowingly waive all rights under Civil Code section 1542.

7. Kaleidoscope: JNK shall provide no cooperation to Kaleidoscope in its disputes with the SP Entities or their affiliates. This shall not require JNK to provide any testimony that is not truthful or to fail to comply with any legal process.

JNK ENTERTAINMENT LLC ("JNK")

BY John Kapoor

SP SALES AND DISTRIBUTION, LLC
SP DISTRIBUTION LLC
SP'S CRYSTAL EDGE LLC
(SP ENTITIES")

By Steven Paul

# EXHIBIT 2

BRANDON M. TESSER (SBN 168476)
btesser@trgllp.com
BRIAN M. GROSSMAN (SBN 166681)
bgrossman@trgllp.com
TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd., Suite 220
Los Angeles, CA 90025
Tel: (310) 207-4022
Fax: (310) 207-4033

Attorneys for Plaintiff and Counterdefendant
JNK ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JNK ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SP SALES AND DISTRIBUTION, LLC, a California limited liability company; SP SALES WORLDWIDE, LLC, a California limited liability company; CRYSTAL SKY WORLDWIDE SALES, LLC, a California limited liability company; SP's CRYSTAL EDGE, LLC, a California limited liability company; SP DISTRIBUTION, LLC, a California limited liability company; STEVEN PAUL, an individual; ANDERSON DIGITAL, LLC, a Delaware limited liability company; ANCONNECT, LLC, a Texas limited liability company,<br><br>Defendants.<br><br>---<br><br>SP SALES AND DISTRIBUTION, LLC, a California Limited Liability Company,<br><br>Counterclaimant,<br><br>vs. | Case No. 2:15-cv-01908-RGK-FFMx<br><br>**STIPULATION RE: DISMISSAL AND REQUEST FOR COURT TO RETAIN JURISDICTION**<br><br>**[Proposed Order Lodged Herewith]**<br><br>Disc. Cut-Off: February 11, 2016<br>Pre-Trial Conf.: April 25, 2016<br>Trial Date: May 10, 2016 |

JNK ENTERTAINMENT, LLC, a Delaware Limited Liability Company; JOHN KAPOOR, an individual; ANDRE GUZMAN, an individual, )

Counterclaim Defendants. )

The parties hereby agree that this case has been settled in its entirety as to all parties, all claims, and all counterclaims, and that all issues and controversies have been resolved to their mutual satisfaction. The terms of the settlement agreement require two payments from the SP Defendants to Plaintiff. The Anderson parties are released by JNK in full without any payment obligation. The first payment has previously been made by the SP Parties but the second payment is not due until June 1, 2016. Per the settlement agreement, in the event of an uncured default, Plaintiff has the right to either: a) enforce the monetary terms of the settlement agreement against the SP Parties; or b) declare the settlement void and reinstate the action (including the Counterclaims), after returning all settlement payments to the SP Parties; with either action to be performed by June 24, 2016.

///

///

///

///

///

///

///

///

///

///

///

///

Accordingly, the parties respectfully request that the Court retain jurisdiction to enforce the terms of their settlement agreement under the authority of Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-382 (1994).

**IT IS SO STIPULATED.**

Dated: April 22, 2016 **TESSER RUTTENBERG & GROSSMAN LLP**

By: /s/ *Brandon M. Tesser*
BRANDON M. TESSER
Attorneys for JNK Entertainment, LLC

Dated: April 22, 2016 **THE LEICHTER FIRM**

By: /s/ *Kevin J. Leichter*
KEVIN J. LEICHTER
Attorneys for SP Sales & Distribution, LLC, SP Sales Worldwide, LLC, Crystal Sky Worldwide Sales, LLC, SP's Crystal Edge, LLC, SP Distribution, LLC, and Steven Paul

Dated: April 22, 2016 **WEINTRAUB TOBIN**

By: /s/ *David Gabor*
DAVID R. GABOR
Attorneys for Anderson Digital, LLC and ANConnect, LLC

## ECF SIGNATURE ATTESTATION

All other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 22, 2016

**TESSER RUTTENBERG & GROSSMAN LLP**

By: /s/ *Brandon M. Tesser*
BRANDON M. TESSER
Attorneys for JNK Entertainment, LLC

# EXHIBIT 3

BRANDON M. TESSER (SBN 168476)
btesser@trgllp.com
BRIAN M. GROSSMAN (SBN 166681)
bgrossman@trgllp.com
TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd., Suite 220
Los Angeles, CA 90025
Tel: (310) 207-4022
Fax: (310) 207-4033

Attorneys for Plaintiff and Counterdefendant
JNK ENTERTAINMENT, LLC

JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JNK ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SP SALES AND DISTRIBUTION, LLC, a California limited liability company; SP SALES WORLDWIDE, LLC, a California limited liability company; CRYSTAL SKY WORLDWIDE SALES, LLC, a California limited liability company; SP's CRYSTAL EDGE, LLC, a California limited liability company; SP DISTRIBUTION, LLC, a California limited liability company; STEVEN PAUL, an individual; ANDERSON DIGITAL, LLC, a Delaware limited liability company; ANCONNECT, LLC, a Texas limited liability company,<br><br>Defendants.<br><br>---<br><br>SP SALES AND DISTRIBUTION, LLC, a California Limited Liability Company,<br><br>Counterclaimant,<br><br>vs.<br><br>JNK ENTERTAINMENT, LLC, a | Case No. 2:15-cv-01908-RGK-FFMx<br><br>**[~~Proposed~~ ] ORDER RE: DISMISSAL**<br><br>Disc. Cut-Off: February 11, 2016<br>Pre-Trial Conf.: April 25, 2016<br>Trial Date: May 10, 2016 |

Delaware Limited Liability Company; JOHN KAPOOR, an individual; ANDRE GUZMAN, an individual,

Counterclaim Defendants.

**IT IS HEREBY ORDERED:**

1. The parties are obligated to comply with the terms of their settlement agreement entered into on March 3, 2016, the material terms of which are set forth in the accompanying stipulation filed by the parties;

2. By consent of the parties, the Court shall retain jurisdiction pursuant to Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-382 (1994) for the purpose of enforcing the terms of the settlement agreement through June 24, 2016;

3. Except as provided for, in paragraphs 1 and 2 above, this case is dismissed in its entirety, with prejudice, as to all parties, all claims, and all counterclaims, and each party shall bear its own attorney's fees and costs.

Dated: April 25, 2016

HON. R. GARY KLAUSNER
U.S. District Court Judge

# EXHIBIT 4

**Brandon Tesser**

---

**From:** Brandon Tesser
**Sent:** Monday, June 06, 2016 11:13 AM
**To:** 'kleichter@theleichterfirm.com'; kleichter@thelawhut.com
**Cc:** Brooke Scott
**Subject:** JNK v. SP - Second Settlement Payment Not Received

**Importance:** High

Kevin,

The second settlement payment was not received on 6/1 as required. And since your client never bothered to sign the settlement agreement, the provisions of the short-form (from the mediation) control, and no notice of default or cure is required.

Please let me know your client's intentions.

**Brandon M. Tesser**
TRG TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd, Suite 220
Los Angeles, CA 90025
Tel: 310.207.4022
Fax: 310.207.4033
E-Mail: btesser@trgllp.com
Website: www.trgllp.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity(ies) named on the e-mail. The information may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If the reader has received this communication in error, please immediately notify the sender by telephone (310.207.4022) or e-mail and delete all copies of this e-mail and any attachments. Thank you.

# EXHIBIT 5

**Brandon Tesser**

**From:** Brandon Tesser
**Sent:** Sunday, June 12, 2016 7:47 PM
**To:** 'kleichter@theleichterfirm.com'
**Subject:** JNK v. SP

Kevin,

I spoke with my client last week. They are not interested in either the promissory note or the Sony deal.

Please let me know when you are available to meet and confer per Local Rule 7-3 regarding our motion to enforce the settlement. We are electing to enforce the settlement payment.

Thanks.

**Brandon M. Tesser**
TRG TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd, Suite 220
Los Angeles, CA 90025
Tel: 310.207.4022
Fax: 310.207.4033
E-Mail: btesser@trgllp.com
Website: www.trgllp.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity(ies) named on the e-mail. The information may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If the reader has received this communication in error, please immediately notify the sender by telephone (310.207.4022) or e-mail and delete all copies of this e-mail and any attachments. Thank you.

**Brandon Tesser**

**From:** Brandon Tesser
**Sent:** Thursday, June 16, 2016 12:20 PM
**To:** 'kleichter@theleichterfirm.com'
**Cc:** dkaragianides@theleichterfirm.com
**Subject:** JNK v. SP

Kevin,

This shall constitute my second attempt to schedule a telephone conference or in-person meeting to discuss JNK's contemplated motion to enforce the settlement agreement pursuant to Local Rule 7-3.

I am available any time today to meet in-person or discuss over the telephone. On Friday, I am available during the afternoon to discuss over the phone. On Monday, I am available any time to meet in-person.

Please let me know your availability.

**Brandon M. Tesser**
TRG TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd, Suite 220
Los Angeles, CA 90025
Tel: 310.207.4022
Fax: 310.207.4033
E-Mail: btesser@trgllp.com
Website: www.trgllp.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity(ies) named on the e-mail. The information may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If the reader has received this communication in error, please immediately notify the sender by telephone (310.207.4022) or e-mail and delete all copies of this e-mail and any attachments. Thank you.

**Brandon Tesser**

**From:** Brandon Tesser
**Sent:** Thursday, June 16, 2016 10:26 AM
**To:** 'kleichter@theleichterfirm.com'
**Cc:** dkaragianides@theleichterfirm.com
**Subject:** JNK v. SP

**Importance:** High

Kevin,

Please advise whether you will stipulate to extend the court's jurisdiction beyond June 24th so that we can file a motion to enforce the settlement, or perhaps resolve the issue.

When we submitted the stipulation for dismissal I interpreted the reservation of jurisdiction to mean we had until June 24th to make the election and proceed accordingly, meaning June 24th would be the deadline to file the appropriate papers with the court. This was specifically discussed between us.

However, I now realize that the stipulation could be susceptible to the interpretation by the court that it no longer has jurisdiction over this matter beyond June 24th, which is not what the parties contemplated or intended. I cannot risk that we will file the motion on June 22nd and then have the court decline to rule on it due to lack of jurisdiction.

If you are unwilling to stipulate to this matter, then it will require that we file an ex parte application to extend the court's jurisdiction and/or apply ex parte to enforce the settlement agreement.

Please let me know by 12:00 noon tomorrow whether you will stipulate to the relief requested.

**Brandon M. Tesser**
TRG TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd, Suite 220
Los Angeles, CA 90025
Tel: 310.207.4022
Fax: 310.207.4033
E-Mail: btesser@trgllp.com
Website: www.trgllp.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity(ies) named on the e-mail. The information may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If the reader has received this communication in error, please immediately notify the sender by telephone (310.207.4022) or e-mail and delete all copies of this e-mail and any attachments. Thank you.

**Brandon Tesser**

**From:** Brandon Tesser
**Sent:** Monday, June 20, 2016 5:43 PM
**To:** 'kleichter@theleichterfirm.com'
**Subject:** JNK v. SP

Kevin,

Don't bother revising the stipulation. You said your client would not be able to pay until September, but you only agreed to extend the stay by 60 days. Either way, my client does not want to delay this any longer.

Moreover, even if we do finalize the stipulation tomorrow, I cannot bank on the fact that the court will review and enter the order before June 24th. Accordingly, we will be filing our motion shortly, tomorrow and thereafter filing an ex parte application seeking to: a) extend the court's jurisdiction by another 60 days; or b) shortening time on our motion to enforce. We really do not have any other choice.

**Brandon M. Tesser**
TRG TESSER RUTTENBERG & GROSSMAN LLP
12100 Wilshire Blvd, Suite 220
Los Angeles, CA 90025
Tel: 310.207.4022
Fax: 310.207.4033
E-Mail: btesser@trgllp.com
Website: www.trgllp.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity(ies) named on the e-mail. The information may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If the reader has received this communication in error, please immediately notify the sender by telephone (310.207.4022) or e-mail and delete all copies of this e-mail and any attachments. Thank you.